OPINION of the Court, by
Judge Owsley.
This appeal is prosecuted by the appellants from a judgment recovered against them in an action of detinue, which they prosecuted in the court below to recover six ne-groes, which the appellee held in his possession. Both parties derive title from tne same origin. I he appellee claims an interest in them as tenant in common with the appellants, under a contract or agreement with Warren Offut, from whom they derive title by purchase', A trial was had on the general issue, and verdict and judgment obtained by the appellee. To prove title to two of the negroes the appellants produced a bill of sale from William Lee, administrator of the estate of II airy Lee, dec’d. and having produced no evidence of William JL.ee being the administrator, but his own deposition, the court, on the motion of the appellee, instructed the jury that the appellants could not recover the two ne- ^ . ‘,1- . groes purchased from Lee.
The circum-Sauce of wint tenant’s t.iking intis of ¡' ■me tor pro terty purchas- . s for their hot 'affect the si,;ht of the |rrmer.
Whether that instruction of-the court was 'erroneous,, is, therefore,in the firstplace, necessary to inquire. We are of opinion that it is. In a contest between those deducing title under the purchase from William Lee, an inquiry into his authority to sell cannot be indispensa-bie : ^ut were’ having possession of the negroes should be received as prima.facie evidence of his right to sel!, and from which the jury might have inferred ti-je> For the court, under such circumstances, to instruct the jurj- the appellants could not recover, was assuming the trial, of facts as well as the law, which was certainly inadmissible and erroneous. But it is urged . , , , - , ⅛ „ error is cured by the court in the 1 antier progress of tfie cause instructing the jury that if they were of opi-*0 from the evidence, that Warren Offut, from whom the appellants purchased, was in possession ol the slaves ;n the declaration mentioned, at die time of the appel-]ants’:purc}iase, that it was prima facie evidence of his tule <o tile slaves, and that it was not necessary for them [0 support their tide by proof of title in those frota.-whom Warren Offut purchased, unless the appellee set tip a conflicting title, or unless Warren Offut’s possession was obtained by fraud. We think these instructions did not cure the’error first committed by the court. Theycpntain no expressions, correcting the opinionwhich, was given by the court in their first instructions. * Both instructions, under a certain state of facts tvhiph were to be ascertained by the jury, are reconcileable and will stand together. The latter instructions could have no effect vdth the jury, unless they were of opinion War-¡ten Offut had obtained a fair possession, unaccompanied by fraud. But what if the jury should be of opinion he did not hold such a possession i The answer is-obvious, from the instructions, that the possession of Warren Offut'rnust be supported by proof of title in those from whom he purchased: and if the jury, in their examination of the facts, should he of opinion such proof of title was necessary, the instructions first given by the court would properly apply, and irifkieUce their decision against the right of the appellants, as to the two-negroes purchased from’Lee. Hence jt results the error.committed by the court in the instructions fir&fe givija to the jury, ⅛ not cared.
*95 Other questions were mude-by the assignment of er•rors, none of which are deemed necessary to be decided in determining this cause. But as some of them may again occur on the trial vhch will be had in the court beloV, it may not be improper to remark, that should the evidence proye the appellants and appellee to be.joint tenants or tenants in common in the negroes in question, the appellants’ action cannot be maintained : for the rule is settled, that one tenant in 'common or i joint tenant cannot maintain detinue against his „cote- I nant, for property to which both have title. And if, asl seems tobe contended by-the appellee, he was ajóint partner with Warren Offut in the purchase of thdne-' groes, and not in their sales, it results that he thereby acquired a joint estate with him in the negroes, not liable to be divested by the sale of Offut. Nor can the circumstance of Offui’s taking the bills of sale in his own name from the persons of whom- he purchased, .affect the right of the appellee to an interest in the negroes, if he establishes satisfactorily an agreement with Offut to have a joint interest therein : for the bills of sale form no evidence of an agreement between Offut and .the ap-pellee, but are admissible only to shew Warren Offut purchased the negroes ; and whether the appellee is entitled to, or has any interest in them, must depend on extrinsic evidence of an agreement with Offut.¿
The argument of the appellants’ counsel, that the.bills of sale vested the legal title of the negroes ⅛ Warren Offut, and that the right of the appellee, if any, is in equity, and not at law', cannot avail, if the. appellee proves an agreement of partnership ⅜ ilh Offut in the purchase of the negroes: fqr a writing is nqt essential to transfer the right of a slave under a contract ¡ Wnd a parol contract between the appellee and Warren Offut, would as effectually vest in the appellee a legal right in the negroes, as the bill of sale taken by Offut Would vest in Him the right of those from whom he purchased» But if a partnership existed between Warren Offut .and the appellee,1 as well in the sale as the purchase of the ■negroes, it is eyident tirata sale by Offut, as a partner, made without fraud, would vest in the appellants a.good title to the negroes. But.if the sale was fraudulent, the right of the appellee cannot be divested.,-althougha partiiership may be proven to exist between Warren *96 OfFut and the appellee, as well in the sale as purchase of the negroes.
We are, however, of opinion the judgment of the circuit court on the first ground mentioned, was erroneous and must be reversed with costs, thb cause remanded for a new trial to be had according to the principles of this opinion.